UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES LEE WHEELER,

    Petitioner,

vs.                                      Case No. 8:06-CV-1226-T-27MSS
                                               Crim Case No. 8:02-CR-362-T-27MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1). Upon consideration, Petitioner's motion is DENIED.

Petitioner was charged in a six count Indictment with various offenses including, racketeering, obstruction of justice by harboring, concealing and assisting a fugitive, conspiracy to distribute narcotics and conspiracy to defraud the United States. A jury found Petitioner guilty on Counts One, Two and Five. (Cr. Dkt. 153). Count Four was dismissed by the Court. (Cr. Dkt. 159). Judgments of Acquittal were entered on Counts Three and Six. (Cr. Dkts. 160, 161). Petitioner was sentenced to 199 months imprisonment on Counts One and Two and 120 months imprisonment on Count Five, said terms to run concurrent. (Cr. Dkts. 193, 194). Petitioner's conviction and sentence were affirmed on appeal. (Cr. Dkt. 256). The Eleventh Circuit Court's mandate issued July 29, 2005. (Cr. Dkt. 256). Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on July 3, 2006. (Cr. Dkt. 262; Cv. Dkt. 1).

In his pro se petition/motion, Petitioner raises three claims. In his first claim, he challenges the sufficiency of the Indictment, specifically Predicate Act 15 and Count Five. He contends that the statute under which Predicate Act 15 and Count Five are alleged is unconstitutionally vague and ambiguous. (Dkt. 1, pp. 13-15).

The sufficiency of an Indictment and the constitutionality of the statute under which a defendant is charged are issues which properly should have been raised on appeal. *See Gearing v. United States*, 432 F.2d 1038, 1040 (5th Cir. 1970); *Stegall v. United States*, 259 F.2d 83, 84 (6th Cir. 1958). In general, those issues are not subject to collateral attack. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal" (citation omitted)). In any event, 18 U.S.C. § 1503 has been upheld when challenged on grounds of vagueness or ambiguity. *United States v. Griffin*, 589 F.2d 200, 206 (5th Cir. 1979); *see also United States v. Cueto*, 151 F.3d 620, 630-31 (7th Cir. 1998). Petitioner's claim in this regard should be and is DENIED.

Petitioner's second claim challenges the sufficiency of the evidence. A challenge to the sufficiency of the evidence supporting a guilty verdict is properly raised on direct appeal. *See Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994). Claims that could have been raised on direct appeal but which were not raised are procedurally defaulted and not reviewable on the merits absent a showing of cause and actual prejudice or a fundamental miscarriage of justice. *Bousley*, 523 U.S. at 621-22; *United States v. Frady,* 456 U.S. 152, 166 (1982); *Mills v. United States,* 36 F.3d 1052, 1055-56 (11th Cir.1994). To show cause for not raising this claim on direct appeal, a petitioner must show "some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must establish that the error about which he complains "worked to his *actual* and substantial disadvantage" so that

he was denied fundamental fairness. *Id.* at 494. A higher hurtle than the cause and prejudice test, to establish that a matter should proceed despite the procedural bar because failure to address the merits of the claim will result in a fundamental miscarriage of justice, the petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006). Petitioner has not made any showing of cause and prejudice or a fundamental miscarriage of justice. He is, therefore, procedurally barred from raising this claim now in his § 2255 Motion. Accordingly, Ground Two is DENIED.

Petitioner's third claim is that he received ineffective assistance of counsel at trial. However, he makes no allegations and alleges no facts in support of a claim of ineffective assistance of counsel. In fact he states that "trial counsel performed admirably." (Dkt. 1 at p. 29). Absent facts in support of a claim for ineffective assistance, the motion is subject to summary denial. *Strickland v. Washington,* 466 U.S. 668, 689-90 (1985); *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim.). Therefore, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this 24th day of July, 2006.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner/pro se
Counsel of Record

-3-